No. 22-70010

In the
# United States Court of Appeals for the Fifth Circuit

TRACY BEATTY,
*Petitioner–Appellant,*

v.

BOBBY LUMPKIN, Director,
Texas Department of Criminal Justice,
Correctional Institutions Division,
*Respondent–Appellee.*

On Appeal from the United States District Court
for the Eastern District of Texas, Sherman Division
Cause No. 4:09-cv-225-SDJ

**APPELLEE'S OPPOSTION TO
MOTION FOR STAY OF EXECUTION**

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General
For Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

RACHEL L. PATTON
Assistant Attorney General
*Counsel of Record*

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-1400
rachel.patton@oag.texas.gov

*Counsel for Respondent-Appellee*

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

*Respondent–Appellee*
    Bobby Lumpkin, Director
    TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

*Counsel for Respondent–Appellee*
    Rachel L. Patton, Assistant Attorney General
    OFFICE OF THE ATTORNEY GENERAL OF TEXAS

*Petitioner–Appellant*
    Tracy Beatty

*Counsel for Petitioner-Appellant*
    Thomas Scott Smith

    Jeremy Schepers, Capital Habeas Unit
    OFFICE OF THE FEDERAL PUBLIC DEFENDER

# INTRODUCTION

**Tracy Beatty is scheduled for execution after 6:00 p.m. on November 9, 2022.**

In 2004, Tracy Lane Beatty was found guilty of the capital murder of his mother, Carolyn Click, and sentenced to death. After his state postconviction proceedings proved unsuccessful, Beatty filed a federal petition for writ of habeas corpus in the Eastern District of Texas. *Beatty v. State*, No. AP-75010, 2009 WL 619191 (Tex. Crim. App. Mar. 11, 2009); *Ex parte Beatty*, No. WR-59,939-02, 2009 WL 1272550, at *1 (Tex. Crim. App. May 6, 2009) (per curiam); ROA 22-70010.4, 49–95. In July of 2013, the district court denied his petition. ROA 22-70010.265–93. Beatty filed a motion for reconsideration and requested a new attorney on appeal. ROA 22-70010.294–96. The district court denied the motion for reconsideration but granted the request for a new attorney on the appeal. ROA 22-70010.304–05. Therefore, Beatty's current attorney, Scott Smith, was appointed on August 30, 2013. ROA 22-70010.6. Three months later, Beatty sought a certificate of appeal (COA) from this Court. *Beatty v. Stephens*, 759 F.3d 455 (5th Cir. 2014). His COA application was rejected. *Id.* at 468. Beatty filed a petition for panel rehearing which

was denied on November 3, 2014. On Petition for Rehearing at 2, *Beatty v. Stephens* (No. 13-70026) (5th Cir. Nov. 3, 2014).

After the Supreme Court's decision in *Christeson v. Roper*, 574 U.S. 373, (2015), Beatty filed a motion asking this Court to recall its mandate in light of the decision. Opposed Motion to Recall the Mandate, *Beatty v. Stephens* (No. 13-70026) (Jan. 30, 2015). This Court denied the motion. *Beatty v. Stephens*, 759 F.3d 455 (5th Cir. 2015). Beatty petitioned the Supreme Court for a writ of certiorari, but that petition was also denied. *Beatty v. Stephens*, 575 U.S. 1011 (2015).

At this point, Beatty's execution was set for August 13, 2015. *See Beatty v. Davis,* 755 Fed. Appx. 343, 346 (5th Cir. 2018). However, despite the fact that the CCA ultimately dismissed the application as an abuse of the writ, Beatty successfully delayed justice by filing another state habeas application a mere seven days before he was scheduled to be put to death. *Ex parte Beatty*, No. WR-59,939-03, 2015 WL 6442730 (Tex. Crim. App. Oct. 14, 2015).

In October of 2015, Beatty returned to federal court and filed a Rule 60(b) motion. ROA 22-70010.338–77. The motion and a COA were denied. ROA 22-70010.469–77. Then, Beatty filed a motion in the district

court to alter or amend the judgment under Rule 59(e) which was also denied. ROA 22-70010.482–571, 597–607. Beatty sought a COA on the district court's denial of Rule 60(b) relief. ROA 22-70010.608–09. This Court denied COA on November 12, 2018. *Beatty v. Davis,* 755 Fed. Appx. 343, 346 (5th Cir. 2018). The Supreme Court denied a petition for writ of certiorari on October 7, 2019. *Beatty v. Davis*, 140 S. Ct. 54 (2019).

Then, Beatty was given another execution date of March 25, 2020, but, on March 19, 2020, the execution was stayed due to the existing "health crisis and the enormous resources needed to address that emergency. *In re Beatty*, No. WR-59,939-04, 2020 WL 1329145 (Tex. Crim. App. Mar. 19, 2020).

On June 10, 2022, the Honorable Jack Skeen, Jr. signed an order setting Beatty's execution for November 9, 2022. Then, although lead counsel had been on Beatty's case for over nine years, during which Beatty had been set for execution two previous times, on September 2, 2022, approximately two months before his execution date, Beatty filed an opposed motion to compel the Texas Department of Criminal Justice (TDCJ) to unshackle Beatty's hands during a contact visit with defense experts. ROA 22-70010.652–59. The Director responded and Beatty filed

a reply. ROA 22-70010.672–681. On September 16, 2022, the district court entered an order dismissing Beatty's motion for lack of jurisdiction.[1] ROA 22-70010.682–687. With only 54 days before his execution date, Beatty let 12 of those days expire before filing the notice of appeal that initiated these proceedings on September 28, 2022. ROA 22-70010.688–89. Beatty did not use that time to prepare and file a motion to stay his execution pending appeal in the district court. Instead, he waited until October 21, 2022, almost a month later, to file a motion to stay in this Court concurrent with his brief on the merits. Despite all of this, Beatty claims that his motion to stay is not "a delay tactic." Appellant's Opposed Motion for Stay of Execution at 2.

Beatty's failure to first file his motion to stay in the district court as required by the Federal Rules of Appellate Procedure, Rule 8(a)(1), means that his motion must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) provides

> **(2) Motion in the Court of Appeals; Conditions on Relief.** A motion for the relief mentioned in Rule 8(a)(1) may be made to the court of appeals or to one of its judges.

---

[1] The court issued its opinion in advance of both scheduled expert evaluations of September 19 and 22, 2022.

> (A) The motion must:
>
>> (i) show that moving first in the district court would be impracticable; or
>>
>> (ii) state that, a motion having been made, the district court denied the motion or failed to afford the relief requested and state any reasons given by the district court for its action.
>
> (B) The motion must also include:
>
>> (i) the reasons for granting the relief requested and the facts relied on;
>>
>> (ii) originals or copies of affidavits or other sworn statements supporting facts subject to dispute; and
>>
>> (iii) relevant parts of the record.
>
> (C) The moving party must give reasonable notice of the motion to all parties.

As explanation for failing to present his motion to stay in a procedurally proper manner, Beatty states that

> [he] did not request a stay of execution from the district court because doing so at the time was impracticable and unnecessary. See FED. R. APP. P. 8(a)(2)(A)(i). Mr. Beatty filed the motion requesting his handcuffs to be removed during expert evaluations at a time when he would have been able to utilize those results to pursue clemency and other potential habeas litigation. There was no need to ask the district court for a stay because it was not needed in light of the routine nature of the request.

Appellant's Opposed Motion for Stay of Execution at 2. However, this explanation is not sufficient.

First, he does not explain why it was impracticable to file the motion in district court. Twelve days passed between the lower court's order and Beatty's notice of appeal. Surely this was ample to time to draft and file a seven-page motion. Second, as to the assertion that a motion to stay was unnecessary, his claim that there was "no need" to file a motion to stay "in light of the routine nature of [his] request" is disingenuous. Appellant was aware that Appellee did not consider his request to be routine in nature when he was informed that the Appellee opposed his request when he conferenced Appellee's counsel in advance of filing his motion to compel in district court. Moreover, Beatty's experts informed him of their preference for unrestrained hands weeks before the lower court's order. ROA 22-70100.656-58. And his experts conducted their examinations a week before his notice of appeal; whatever effect Beatty's restraints had on those exams and his subsequent litigation decisions was known at that point in time.

Because Beatty bypassed the court below and fails to meet the requirements to have his motion considered for the first time by this

Court, the Court should refuse to consider it. Regardless, the factors to be considered by a court when determining whether to grant a stay weigh heavily against Beatty.

## ARGUMENT

This Court should deny Beatty's request for a stay of execution. A stay of execution "is not available as a matter of right, and equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts." *Hill v. McDonough,* 547 U.S. 573, 584 (2006) (citing *Nelson v. Campbell*, 541 U.S. 637, 649–50 (2004)). "It is well-established that petitioners on death row must show a "reasonable probability" that the underlying issue is "sufficiently meritorious" to warrant a stay and that failure to grant the stay would result in "irreparable harm." *Barefoot v. Estelle*, 463 U.S. 880, 895 (1983), superseded on other grounds by 28 U.S.C. § 2253(c)(2). Indeed, "[a]pplications for stays of death sentences are expected to contain the information and materials necessary to make a careful assessment of the merits of the issue and so reliably to determine whether plenary review and a stay are warranted." *Id*. To demonstrate an entitlement to a stay, a petitioner must demonstrate more than "the

9

absence of frivolity" or "good faith" on the part of petitioner. *Id*. at 892–93. Rather, the petitioner must make a substantial showing of the denial of a federal right. *Id*. In a capital case, a court may properly consider the nature of the penalty in deciding whether to grant a stay, but "the severity of the penalty does not in itself suffice." *Id*. at 893. The State's "powerful and legitimate interest in punishing the guilty," as well as its interest in finality, must also be considered, especially in a case such as this where the State and victims have for years borne the "significant costs of federal habeas review." *Herrera v. Collins*, 506 U.S. 390, 421 (1993) (O'Connor, J., concurring); *Calderon v. Thompson*, 523 U.S. 538, 556 (1998) (both the State and the victims of crime have an important interest in the timely enforcement of a sentence).

Thus, in deciding whether to grant a stay of execution, the Court must consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776

(1987)); *see also Buxton v. Collins*, 925 F.2d 816, 819 (5th Cir. 1991). None of these factors favor Beatty's request.

First, as is demonstrated in the Director's brief filed concurrently with this pleading, Beatty is unlikely to succeed on the merits of his appeal. The entirety of that briefing is incorporated herein for all purposes.

Second, Beatty will not be substantially injured. In a capital case, a court may properly consider the nature of the penalty in deciding whether to grant a stay, but "the severity of the penalty does not in itself suffice." *Barefoot*, 463 U.S. at 893. Moreover, this is a highly unusual case where Beatty is not actually challenging the validity of his conviction or sentence. An incursion on the right to access counsel, or other services, does not call into question the constitutionality of Beatty's death sentence. Essentially, Beatty is asking this Court to stay his execution without alleging that the sentence is illegal in *any* way and in the absence of any pending habeas corpus litigation. Such a request is beyond the power of a federal court to grant. *See* 28 U.S.C. § 2251(a) (for purposes of federal authority to stay an execution, an application for habeas corpus *is not pending until the application is filed*).

The State, as well as the public, has a strong interest in carrying out Beatty's sentence. *See Hill*, 547 U.S. at 584. The public's interest lies in executing sentences duly assessed, and for which years of judicial review have failed to find reversible error. The public's interest is not advanced by postponing Beatty's execution any further, and the State opposes any action that would cause further delay. *Martel v. Clair*, 565 U.S. 648, 662 (2012) ("Protecting against abusive delay *is* an interest of justice.") (emphasis in original). After eighteen long years of litigation, justice should no longer be denied.

Moreover, it bears repeating it is no secret that "capital petitioners might deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of a sentence of death." *Rhines*, 544 U.S. at 277–78. Thus, "[t]he federal courts can and should protect States from dilatory or speculative suits[.]" *Hill*, 547 U.S. 585.

Beatty asks this Court to stay "his execution pending the outcome of his appeal and to set the matter for oral argument." Opposed Motion for Stay of Execution (Motion) at 2. Beatty claims that his motion and accompanying litigation are not designed to delay the case. Motion at 2.

However, as discussed above, a review of the history of Beatty's case belies this statement.

Beatty was convicted and sentenced in 2004. For the past eighteen years he has actively challenged his conviction and sentence. However, even though he passed the point of filing a clemency petition during the lead up to two previous scheduled executions, at no point during this time did Beatty's counsel deem it necessary to have defense experts conduct a psychological evaluation. As is demonstrated in the Director's brief, Beatty provides no evidence to suggest that there is a reason to do so now.

The recent procedural history in this case demonstrates that Beatty waited until the last minute to initiate an investigation of this sort. Beatty has been represented by current counsel for nine years. However, with only forty-eight days left to file his clemency application, Beatty approached the district court asking for an order to facilitate expert evaluations for the first time. Perhaps more significantly, there were only thirty-one days between the evaluations and the due date for the application. After the district court denied his motion, Beatty wasted twelve days before filing a notice of appeal. As Beatty chose not to file a motion to stay in the district court, there is no discernable reason for

13

waiting to file a stock pleading. Once the case was before this Court, Beatty waited until he filed his brief on the merits to file a motion to stay. While Beatty accuses the Director of creating a crisis, there is no doubt that it is Beatty's inexplicable, and easily avoidable, delays that were intentionally crafted to obtain another unjustified delay.

For the same reasons, Beatty fails to show that he would suffer irreparable harm if denied a stay of execution. As this Circuit has explained, "the merits of [the movant's] case are essential to [the court's] determination of whether he will suffer irreparable harm if a stay does not issue." *Walker v. Epps*, 287 F. App'x 371, 375 (5th Cir. 2008). As discussed in the Director's response, Beatty's issue on appeal is plainly without merit. Similarly, he failed to avail himself of available state court proceedings for incompetency-to-be-executed and intellectual-disability claims. *See* Tex. Code Crim. Proc. Arts. 11.071, § 5(a)(3), and 46.05. This Court may infer that Beatty's failure to do so, despite the continuous representation of counsel for nine years and the availability of two mental health expert evaluations, is proof that no such claims are viable. Consequently, he cannot show that he would be irreparably harmed if denied additional process to which he has no entitlement.

There is no legal basis to delay justice in this case any longer. Beatty cannot overcome the strong presumption against granting a stay or demonstrate that the balance of equities entitles him to a stay of execution. For the reasons argued herein and in the Director's merits briefing, this Court should deny the requested relief and allow Beatty's execution to proceed as scheduled.

## CONCLUSION

For the foregoing reasons, the Director respectfully requests that the Court deny Beatty's motion for a stay of execution.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

s/ Rachel L. Patton
RACHEL L. PATTON
Assistant Attorney General
Texas Bar No. 24039030
*Counsel of Record*

P.O. Box 12548, Capitol Station
Austin, Texas 78711
Telephone: (512) 936-1600

Email: rachel.patton@oag.texas.gov

*Attorneys for Respondent*

# CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2022, I electronically filed the foregoing document with the clerk of the court for the United States Court of Appeals for the Fifth Circuit, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who has consented in writing to accept this Notice as service of this document by electronic means: Scott Smith and Jeremy Schepers.

s/ Rachel L. Patton
RACHEL L. PATTON
Assistant Attorney General

## CERTIFICATE OF COMPLIANCE WITH RULE 27(d)

I hereby certify that this Response to Appellant's Motion complies with Federal Rule of Appellate Procedure 27(d) in that it contains 2,627 words. Microsoft Word, Century Schoolbook Font, 14 points.

s/ Rachel L. Patton<br>
RACHEL L. PATTON<br>
Assistant Attorney General

## ELECTRONIC CASE FILING CERTIFICATIONS

I do hereby certify that: (1) all required privacy redactions have been made; (2) this electronic submission is an exact copy of the paper document; and (3) this document has been scanned using the most recent version of a commercial virus scanning program and is free of viruses.

s/ Rachel L. Patton<br>
RACHEL L. PATTON<br>
Assistant Attorney General